[No. 19774. Department One. April 7, 1926.]

## MARCELLA KAYSER, *a minor, Respondent,* v. H. E. FOSTER *et al., Appellants.*[1]

[1] ANIMALS (14)—VICIOUS DOG—ACTION FOR PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE. Liability for the bite of a dog is a question for the jury where there was evidence that the dog was naturally vicious and attacked a child without provocation.

[2] SAME (10)—PERSONAL INJURIES—KNOWLEDGE OF VICIOUS PROPENSITIES. Upon an issue as to the owner's knowledge that his dog was vicious, it is admissible to prove that he stated that it was, to a person with whom he left it; and it is also admissible to show that the issue had been previously raised in the presence of the owner in the police court.

[3] APPEAL (456)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE—ERROR CURED BY WITHDRAWAL. Failure to instruct the jury to disregard testimony that was withdrawn cannot be assigned as error, where the jury could not have been misled.

[4] SAME (444)—HARMLESS ERROR—MISCONDUCT OF JUDGE. It is not misconduct, requiring a reversal, for the court to require counsel to address a witness as "Mr." M, where the remarks did not show partiality to the respondent.

[5] DAMAGES (80)—EXCESSIVE DAMAGES—INJURIES TO THE PERSON IN GENERAL. A verdict for $900, reduced to $600, for injuries to a child by the bite of a dog, is not excessive, where the child was severely bitten on the face, leaving a scar that still remained at the time of the trial.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 24, 1925, upon a verdict of a jury in favor of the plaintiff, in an action in tort. Affirmed.

*Harry Foster* and *Carl J. Smith,* for appellants.

*John J. Sullivan* and *Robert G. Cauthorn,* for respondent.

FULLERTON, J.—The respondent, Marcella Kayser, was bitten by a dog belonging to the appellants Foster,

[1]Reported in 244 Pac. 708.

and in this action, on a trial by jury, recovered against them in damages therefor.

[1]  Of the errors assigned for reversal, the first is that the evidence is insufficient to justify the verdict. The evidence on the part of the appellants does indeed tend to show that an unwarranted attack was made on the dog by those having the minor respondent in charge, and that she was bitten as a result of this attack.  But the evidence is conflicting as to the cause of the dog's attack.  The respondent's evidence tended to show that the dog was naturally vicious, and attacked and bit the respondent, without provocation, as she was passing the place at which the dog was lying. The facts, therefore, were within the province of the jury.

[2]  To prove the vicious character of the dog and that the appellants had knowledge of its viciousness, the court permitted the respondent to show declarations to that effect made by the person with whom the appellants had left the dog in charge.  It is contended that this was error, but the evidence was admissible under the rule as we have heretofore announced it. In *Lynch v. Kineth,* 36 Wash. 368, 78 Pac. 923, 104 Am. St. 958, speaking on the question, we said:

"The general rule is thus stated in 2 Cyc. 368; 'The owner or keeper of a domestic animal not naturally inclined to commit mischief, while bound to exercise ordinary care to prevent injury being done by it to another, is not liable for such injury if the animal be rightfully in the place where the mischief is done, unless it is affirmatively shown, not only that the animal was vicious, but that the owner or keeper had knowledge of the fact.  When such *scienter* exists, the owner or keeper is accountable for all the injury such animal may do, without proof of any negligence or fault in the keeping, and regardless of his endeavors to so keep the animal as to prevent the mischief.'  And in relation to

notice, it is stated, at page 378: 'Knowledge of a servant or agent of an animal's vicious propensities will be imputed to the master when such servant or agent has charge or control over the animal.' "

See, also, *Harris v. Carstens Packing Co.*, 43 Wash. 647, 86 Pac. 1125, 6 L. R. A. (N. S.) 1164.

Certain witnesses called by the respondent were permitted to testify to facts tending to show the vicious character of the dog, and also to the fact that the character of the dog became a subject of inquiry in a police court of the city of Seattle, at which place they appeared and testified to the same facts in the presence of the appellants. It is objected that the evidence with reference to the occurrences in the police court was inadmissible, but to the extent to which the trial court admitted it, we think it unobjectionable. It was incumbent upon the respondent not only to show the vicious character of the dog, but that the appellants had knowledge of its vicious character. The evidence had a tendency to prove this latter fact.

[3] In this same connection the court first permitted the criminal complaint filed in the police court to be introduced as evidence, but afterwards withdrew it from the jury's consideration. In withdrawing the complaint, it did not at that time instruct the jury specifically not to consider the complaint as evidence, and this is complained of as error. But we cannot so conclude. Prior thereto, in the course of the trial, the court had occasion in a number of instances to withdraw from the consideration of the jury inadvertent and voluntary statements of the witnesses, in which it made it clear to them that testimony withdrawn was not for their consideration. It is hardly to be believed that the jury were misled in this instance. Moreover, the complaint was not read to the jury, nor was it al-

lowed to be taken to the jury room as an exhibit in the case.

[4] In the cross-examination of the respondent's witness Malone, the following appears:

"By Mr. H. E. Foster: Q. You say you do not recall whether you testified in Police Court or not, is that right, Malone? A. Mr. Malone, please. Q. I am asking you these questions? The court: Just a minute; you will accord the witness the respect of addressing him by 'Mr. Malone.' Mr. H. E. Foster: Exception, please. The Court: He is entitled to respect and counsel should show it to him."

The complaint is that the action of the court showed partiality towards the respondent, and tended to prejudice the jury against the appellants. It may be that it is not an uncommon practice for an attorney to address a mature witness by his surname without more, and, measured by this standard, it can be said that the trial court went beyond its just prerogative. But a trial court is entitled to its own ideas of decorum, and has a wide degree of discretion in enforcing them. So long, therefore, as they are not a departure from approved standards, they are not matters subject of complaint. In this instance, we cannot think the remarks of the court had the effect attributed to them, or that any reversible error was otherwise committed.

The appellants submitted certain instructions which the court did not give in the form requested. An examination of the instructions, however, shows that the court fully covered the issues, and this is sufficient under our rule.

[5] Finally, it is said that the judgment entered is excessive. The jury returned a verdict in the sum of $900. The court gave the respondent the option of taking a judgment on the verdict for $600, or of submitting to a new trial. The respondent accepted the first alter-

native, and the judgment entered was for the reduced sum. The respondent was bitten on the face near one of the eyes, and the wound was quite severe, requiring the administration of an anesthetic before it could be stitched. At the time of the trial the scar of the wound still remained, although the medical attendant gave it as his opinion that it would ultimately disappear. There were no other possible permanent effects from the injury, but even so, we see no cause for a further reduction.

The judgment is affirmed.

TOLMAN, C. J., PARKER, HOLCOMB, and MAIN, JJ., concur.